# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

IN RE: WOLDEYOHANNES,
      Debtor.

No. 3:22-cv-1030 (SRU)

AWET, LLC,
      Appellant,

      v.

ALYSSA S. PETERSON, et al.,
      Appellees.

## <u>MEMORANDUM OF DECISION</u>

Appellant and alleged "party in interest" AWET, LLC ("AWET") appeals an order of the
United States Bankruptcy Court for the District of Connecticut ("the Bankruptcy Court")
denying AWET's motion to reopen the Chapter 7 bankruptcy case of debtor Hannah
Woldeyohannes ("Woldeyohannes" or "the Debtor"), pursuant to 11 U.S.C. § 350(b). Appellee
and creditor Alyssa S. Peterson ("Peterson") has moved to dismiss the appeal and objected to the
appellant's brief. For the reasons set forth in this order, I vacate the order of the Bankruptcy
Court (Nevins, C.J.) and remand for further proceedings consistent with this order.

## I.     Background

On August 20, 2018, creditors commenced an involuntary Chapter 7 bankruptcy case
against debtor Hannah Woldeyohannes. *See* Involuntary Petition, *In re Hannah Woldeyohannes,*
Dkt. No. 2:18-bk-21369 (AMN) (Bankr. D. Conn. Aug. 20, 2018) ("*Bankruptcy Case*"), Doc.
No. 1.

On February 23, 2021, Bonnie C. Mangan, Chapter 7 Trustee of the Estate of Hannah
Woldeyohannes (the "Trustee"), moved pursuant to 11 U.S.C. §§ 363(b) and (f) and Bankruptcy

Rule 6004(c) for the authority to sell, by private sale, certain property belonging to the

bankruptcy estate ("the subject property") to Peterson. ("Sale Motion"), *Bankruptcy Case* Doc.

No. 122. The Sale Motion was docketed as a "Motion to Sell Debtor's ownership interest as of

the petition date in A to Zee, LLC Free and Clear of Liens." *Id.* The motion described the

Subject property as follows:

> [T]he bankruptcy estate's right, title and interest, if any, in and to the
> Debtor's, (Hannah Woldeyohannes') ownership interest as of the petition
> date in A to Zee, LLC, and any and all equitable rights held by the Debtor,
> Hannah Woldeyohannes, in certain real property located at 230-232
> Farmington Avenue, Hartford, Connecticut known as the Laurelhart
> Condominiums Unit Number B-2, E-3, D-6 and E-7, and any claims that
> may emanate from said alleged interest[.]

*Id* at 2-3. The motion indicated that "[a] corresponding Proposed Notice of Intended Private Sale

of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher

Offers and Hearing Date ("Notice of Intended Sale")" was simultaneously filed. *Id.* at 1-2. The

motion also indicated that the subject property would be sold "free and clear of all liens, claims

and encumbrances" and "without representation or warranties." *Id.* at 4.

The Trustee included as an appendix to the Sale Motion a proposed order, which

described the subject property in relevant part as follows:

> This matter having come before the Court on the Motion of Bonnie C.
> Mangan, Chapter 7 Trustee of the Estate of Hannah Woldeyohannes
> seeking authority to sell by private sale, pursuant 11 U.S.C. § 363(b) and
> (f) and Bankruptcy Rule 6004 (c), certain assets belonging to the
> bankruptcy estate, specifically the bankruptcy estate's right, title and
> interest, if any, in and to the Debtor, Hannah Woldeyohannes' (Debtor's)
> recorded ownership interest at the time of the bankruptcy filing in A to
> Zee, LLC, a Connecticut Limited Liability Company, registered with the
> Secretary of State, and any and all equitable rights held by the Debtor,
> Hannah Woldeyohannes and A to Zee, LLC, in certain real property
> located at 230-232 Farmington Avenue, Hartford, Connecticut known as
> the Laurelhart Condominiums Unit Number B-2, E-3, D-6 and E-7 and
> any claims associated with the Debtor, A to Zee, LLC or any claims
> emanating therefrom said interest "collectively referred to as "the
> Asset"). . . .

2

("Proposed Order"), *Bankruptcy Case*, Doc. No. 122-1 at 1-2. Unlike the Sale Motion, the

Proposed Order did not expressly state that the subject property would be sold "free and clear of

all liens, claims and encumbrances." *See id.*

The following day, the Trustee filed the Notice of Intended Private Sale of Property and

Solicitation of Counteroffers. Notice of Proposed Sale of Property, *Bankruptcy Case*, Doc. No.

125. The Notice described the subject property as follows:

> The property consists of the bankruptcy estate's right, title and interest, if
> any, in and to the Debtor, Hannah Woldeyohannes' ownership interest as
> of petition date in A to Zee, LLC, a Connecticut Limited Liability
> Company registered with the Connecticut Secretary of State, and any and
> all equitable rights held by the Debtor, Hannah Woldeyohannes and A to
> Zee, LLC, in certain real property located at 230-232 Farmington Avenue,
> Hartford, Connecticut known as the Laurelhart Condominiums Unit
> Number B-2, E-3, D-6 and E-7, as well as any claims associated with the
> Debtor, A to Zee, LLC, or any claims that emanate therefrom (collectively
> referred to as "the Asset").

*Id.* at 1. The Notice further provided that "[t]he Asset will be sold free and clear of all liens,

claims and encumbrances." *Id.* at 2.

On March 17, 2021, Sofia Woldeyohannes, an interested party, filed an objection to the

Motion and Notice of Sale. Objection, *Bankruptcy Case*, Doc. No. 128. Sofia Woldeyohannes

attached to the objection a document stylized as an "operating agreement" dated February 25,

2016, which represented that Woldeyohannes had transferred her interest in "A to Zee, LLC and

its condominium units" to Isaias, Sofia, and Yodit Woldeyohannes. *Id.* at 2. Peterson filed a

reply that reaffirmed her bid amount of $5,000 while acknowledging that the bid was for an

"unknown commodity." Reply, *Bankruptcy Case*, Doc. No. 133.

On March 24, 2021, the Bankruptcy Court held a hearing to consider the Motion for Sale.

Hearing, *Bankruptcy Case*, Doc. No. 135.

At the hearing, the Bankruptcy Court sought confirmation that the asset of the bankruptcy estate to be sold consisted of "any interest that the estate may have in a limited liability company called A to Zee, LLC." Audio File, *Bankruptcy Case*, Doc. No. 134 at 01:20-01:27. The Trustee clarified:

> The motion proposes to sell the bankruptcy estate's interest in what was scheduled by the Debtor on the amended schedules and that would consist of any interest in a limited liability company known as A to Zee, LLC along with any equitable rights that are held by the Debtor in certain real property identified as 230-232 Farmington Avenue in Hartford, Connecticut, which consists of four condominiums. So, in other words, the condominiums are owned by the LLC. . . . The Debtor is allegedly a member of the LLC. That's what I would be selling to Ms. Peterson, one of the petitioning creditors.

*Id.* at 01:39-02:39 (cleaned up). The Bankruptcy Court inquired what the Trustee did to determine who owned A to Zee, LLC ("A to Zee"), the nature of Woldeyohannes's interest in A to Zee, and the value of the equity in the condominiums. The Trustee explained that she reviewed the Debtor's schedules, in which Woldeyohannes had said that she did not own any interest in A to Zee. The Trustee, however, expressed skepticism regarding Woldeyohannes's representation. The Trustee pointed to an earlier bankruptcy court adversary proceeding, in which the Bankruptcy Court entered a judgment in favor of the bankruptcy trustee revoking Woldeyohannes's discharge, on the basis that Woldeyohannes had misrepresented her ownership interest in A to Zee. *See* Judgment, *Tracy Hope Davis, United States Trustee for Region v. Woldeyohannes*, Dkt. No. 2:12-ap-2021, Doc. No. 32. The Trustee also pointed to a ruling by the Connecticut Superior Court finding that Woldeyohannes had a 100% interest in A to Zee. *See Peterson v. Connecticut Att'ys Title Ins. Co.*, 2012 WL 1511257, at *1 (Conn. Super. Ct. April 09, 2012) (citing *Peterson v. Woldeyohannes*, 2009 WL 4686026, at *1 (Conn. Super. Ct. Nov. 13, 2009)). After completing title searches and obtaining a broker appraisal, the Trustee estimated that each condominium unit was worth about $30,000-$35,000, and that

Woldeyohannes's interest in A to Zee's interest in the condominium units "was very little" and "could be something or could be nothing" in light of the value of the units and extant liens on the properties. Audio File, *Bankruptcy Case*, Doc. No. 134 at 05:47-05:53.

Next, the Bankruptcy Court turned to Sofia Woldeyohannes's objection. Sofia Woldeyohannes reasserted that Hannah Woldeyohannes did not own any interest in A to Zee. The Bankruptcy Court clarified, and the Trustee confirmed, that the Trustee intended to sell "any interest that Hannah Woldeyohannes has in A to Zee, LLC, even if that interest is zero." *Id.* at 09:59-10:08.

On March 25, 2021, the Bankruptcy Court entered an order approving the Motion and Notice of Sale, as described in the proposed order and in the Trustee's Notice of Intended Private Sale of Property and Solicitation of Counteroffers, and overruling Sofia Woldeyohannes's objection. ("Sale Order"), *Bankruptcy Case*, Doc. No. 136. The Sale Order provided in relevant part as follows:

> On February 23, 2021, Bonnie C. Mangan, Chapter 7 Trustee of the Estate of Hannah Woldeyohannes filed the instant Motion seeking authority to sell by private sale, pursuant 11 U.S.C. § 363(b) and (f) and Bankruptcy Rule 6004(c), certain assets belonging to the bankruptcy estate, specifically the bankruptcy estate's right, title and interest, if any, in and to the Debtor, Hannah Woldeyohannes' (Debtor's) recorded ownership interest at the time of the bankruptcy filing in A to Zee, LLC, a Connecticut Limited Liability Company, registered with the Secretary of State, and any and all equitable rights held by the Debtor, Hannah Woldeyohannes and A to Zee, LLC, in certain real property located at 230-232 Farmington Avenue, Hartford, Connecticut known as the Laurelhart Condominiums Unit Number B-2, E-3, D-6 and E-7 and any claims associated with the Debtor, A to Zee, LLC or any claims emanating therefrom said interest (collectively referred to as "the Asset") to Petitioning Creditor, Alyssa S. Peterson, (the "Purchaser") and/or her assignee, for the total sum of Five Thousand Dollars ($5,000.00) in cash. ECF No. 122. As stated in the Motion, the sale of the bankruptcy estate's interest in the Asset is without representation or warranties, express or implied. . . .
>
> ACCORDINGLY, it is hereby

> **ORDERED:** That the sale of the bankruptcy estate's interest in the asset is without representation or warranties, express or implied. . . ; and it is further
>
> **ORDERED:** That the Trustee's Motion, ECF No. 122, is GRANTED and the Trustee is authorized to sell the bankruptcy estate's interest in the Asset; and it is further
>
> **ORDERED:** That the Trustee shall be authorized to execute any and all such documents that are reasonably necessary to complete the sale of the Asset.

Sale Order, *Bankruptcy Case*, Doc. No. 136, at 1-2.

On April 13, 2021, the Trustee executed a quit claim bill of sale and assignment transferring the subject property to Peterson. Trustee's Quit Claim Bill of Sale and Assignment, *Bankruptcy Case*, Doc. No. 153, at 4-5. The Trustee's Quit Claim Bill of Sale and Assignment

> grant[ed], assign[ed] and convey[ed] to said Alyssa S. Peterson the bankruptcy estate's right, title and interest, if any, in and to the Debtor, Hannah Woldeyohannes' ownership interest as of petition date, August 20, 2018, in A to Zee, LLC, a Connecticut Limited Liability Company registered with the Connecticut Secretary of State, and any and all equitable rights held by the Debtor, Hannah Woldeyohannes and A to Zee, LLC, in certain real property located at 230-232 Farmington Avenue, Hartford, Connecticut known as the Laurelhart Condominiums Unit Number B-2, E-3, D-6 and E-7, as well as any claims associated with the Debtor, A to Zee, LLC, or any claims that emanate therefrom. . . .
>
> Said sale was authorized under 11 U.S.C. Sections 363(b) and (f), and the provisions contained therein. Said sale of the bankruptcy estate's interest in the Asset was approved without representations or warranties, express or implied, and done in deference to any prior judicial findings and decisions issued by the United States Bankruptcy Court, the Connecticut· Superior Court, and the Connecticut Appellate Court including, but not limited to, the status of ownership or encumbrances related to the Asset.

*Id.*

On April 30, 2021, the bill of sale was recorded in the Hartford, Connecticut Land Records at Volume 7748, Page 266. Amended Order Denying Movant's Motion to Reopen ("Reopening Order"), *Bankruptcy Case*, Doc. No. 177, at 3.

6

On May 11, 2021, the Trustee filed its final report, indicating the sale of the Debtor's interest in A to Zee, LLC. Trustee's Final Report, *Bankruptcy Case*, Doc. No. 142, at 3.

On September 9, 2021, the Clerk administratively closed the Bankruptcy Case. *Bankruptcy Case*, Doc. No. 150.

On July 6, 2022, AWET moved to reopen the Bankruptcy Case. Reopening Mot., *Bankruptcy Case*, Doc. No. 152. AWET is a Connecticut limited liability corporation incorporated on September 7, 2021, for which mortgagee Mussie Russom is its managing member.[1] In its motion, AWET represented that it was not a creditor of the Debtor's estate but was "the owner and holder of a certain $140,000 mortgage lien, recorded against real property located at 230-232 Farmington Ave., Hartford, CT known as Laurelhart Condominiums unit numbers B-2, E-3, D-6, and E-7 ("the subject Property"), a property for which the "owner of record" was A To Zee, LLC. Reopening Mot., *Bankruptcy Case*, Doc. No. 152 at ¶ 2. Characterizing itself as a party in interest, AWET moved under Bankruptcy Rule 5010 to reopen the Bankruptcy Case for the following reasons:

> What was approved by the Court on March 25, 2021 (doc. no. 136) is different than what was actually sold to the purchaser, Alyssa Peterson. That is, the Order Granting Motion to Approve Private Sale and the subsequent Trustee's Quit Claim Bill of Sale and Assignment approved/sold the estate's interest in A To Zee, LLC, as well as A To Zee, LLC's interest in the subject Property (as opposed to the estate's interest in the subject Property) free and clear of all liens and encumbrances. As a consequence, AWET, LLC's mortgage lien has arguably been stripped from the subject property.

> Movant believes the foregoing constitutes good cause to reopen the instant bankruptcy estate, and to waive the fees involved as a result of what appears to be an unintended clerical mistake or modern-day scriveners' error.

---

[1] *State of Conn. Sec'y of State,* Business Inquiry: AWET, LLC, https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=YHowvgqw1ndSywEi%2BgOmH6nahggG V%2FBa74TsMQph5jw%3D.

*Id.* at ¶¶ 8-9. Simultaneously, AWET moved pursuant Federal Rule of Civil Procedure 60(a) for relief from the Sale Order, seeking to vacate the order and enter an order "approving the sale consistent with the Trustee's motion for Order." Mot. for Relief from Judgment, *Bankruptcy Case*, Doc. No. 153. In substance, the Motion for Relief from Judgment alleged that the bankruptcy court had failed to provide notice that the Sale Order authorized selling A to Zee's interest in the subject property free and clear of all liens and encumbrances, on account of a clerical error in the Sale Order. *See generally id.*

On August 3, 2022, after a hearing, the Bankruptcy Court issued a decision denying AWET's motion to reopen. *Bankruptcy Case*, Docs. No. 152, 170, 177. The Bankruptcy Court first concluded that AWET lacked standing as a "party in interest" and thus was not authorized to move to reopen the Bankruptcy Case. Reopening Order, *Bankruptcy Case*, Doc. No. 177, at 5-6. Second, it determined that the relief sought pursuant to Federal Rule 60(a) was futile and unsupported by the record. *Id.* at 6-7.

On August 12, 2022, AWET timely filed the instant appeal. ("Appeal"), Dkt. No. 3:22-cv-1030, Doc. No. 1. Through this appeal, AWET requests this Court reverse the lower court's ruling denying its Motion to Reopen, with instructions to grant Appellant's Rule 60(a) Motion for Relief by vacating the original order approving the sale (*Bankruptcy Case*, Doc. No. 136), and instead entering an order approving the sale consistent with Trustee Mangan's Motion for Order. AWET's Mem. of Law, Doc. No. 13, at 13.

## II.   Issues on Appeal

The issues on appeal are (1) whether the Bankruptcy Court erred when it held that AWET is not a "party in interest" within the meaning of Bankruptcy Rule 5010 and therefore lacked

standing to seek the reopening of the bankruptcy estate; and (2) whether the Bankruptcy Court

erred by concluding "cause" did not exist to award relief under Fed. R. Civ. P. 60(a).

## III.    Legal Standards

### A.  Appeals of Final Bankruptcy Court Orders

Pursuant to 28 U.S.C. § 158, district courts have jurisdiction to "hear appeals[] [] from

final judgments, orders, and decrees" of a bankruptcy court. An order is final if "[n]othing in the

order . . . indicates any anticipation that the decision will be reconsidered." *In re 114 Tenth Ave.*

*Assoc, Inc.*, 441 B.R. 416, 424 (S.D.N.Y. 2010) (quoting *In re Palm Coast, Matanza Shores Ltd.*

*P'ship*, 101 F.3d 253, 256 (2d Cir. 1996)).

### B.  Standard of Review

A bankruptcy court's findings of fact are reviewed for clear error and its legal

conclusions are reviewed *de novo. Overbaugh v. Household Bank N.A. (In re Overbaugh)*, 559

F.3d 125, 129 (2d Cir. 2009). A district court may "affirm, modify, or reverse

a bankruptcy court's judgment, order, or decree, or remand with instructions for further

proceedings." *In re Indicon*, 499 B.R. 395, 400 (D. Conn. 2013) (quoting former Federal Rule

of Bankruptcy Procedure 8013) (cleaned up).

### C.  Reopening Bankruptcy Proceedings

"A [bankruptcy] case may be reopened in the court in which such case was closed to

administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The

decision whether to reopen is a discretionary matter for the bankruptcy court. *In re Chalasani*, 92

F.3d 1300, 1307 (2d Cir. 1996). The moving party bears the burden of establishing cause to

reopen. *In re Arana*, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011).

On appeal, the bankruptcy court's decision to grant or deny a motion to reopen pursuant to Section 350(b) shall not be disturbed absent an abuse of discretion. *In re Chalasani*, 92 F.3d at 1307 (providing that "[t]he reason is that such decisions invoke the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case.").

The trial court abuses its discretion where its ruling is based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence," or where the court has "rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (cleaned up).

## IV.    Discussion

Federal Bankruptcy Rule of Procedure 5010 permits only "the debtor or other party in interest," to move for a "for cause" reopening of a bankruptcy case under 11 U.S.C. § 350(b). Fed. R. Bankr. P. 5010. AWET sought to reopen the Bankruptcy Case, pursuant to Section 350(b), on the basis that it was a "party in interest" in the case. Motion for Relief from Judgment, *Bankruptcy Case*, Doc. No. 153, at 1.

Neither the United States Supreme Court nor the United States Court of Appeals for the Second Circuit has articulated who or what constitutes a "party in interest" in the context of a Rule 5010 motion. *Saticoy Bay LLC Series 2110 Club Meadows v. JP Morgan Chase Bank, N.A.* (*In re Riley*), 2018 WL 11203041, at *4 (N.D.N.Y. Nov. 21, 2018). Therefore, the Bankruptcy Court primarily looked to decisions of the Northern District of New York and of the Fourth, Ninth, and Tenth Circuits to assess whether AWET was a party in interest entitled to reopen the Bankruptcy Case. *See* Reopening Order, *Bankruptcy Case*, Doc. No. 177, at 3-4 (citing *In re Riley*, 2017 WL 4334033, at *4 (Bankr. N.D.N.Y. Sept. 28, 2017); *Alexandria Consulting Group, LLC v. Alexandria Surveys Int'l LLC*, 589 F. App'x 126 (4th Cir. 2014); *Goldenberg v.*

10

*Deutsche Bank Nat'l Trust Co.* (*In re Papazov*), 610 F. App'x 700 (9th Cir. 2015); *Nintendo Co. v. Patten* (*In re Alpex Computer Corp.*), 71 F.3d 353 (10th Cir. 1995)). Guided by those decisions, the Bankruptcy Court concluded that AWET lacked standing because it was neither the debtor, a creditor, nor a trustee, it had never participated in the closed bankruptcy case, and it was not a party enumerated in 11 U.S.C. § 1109(b). *Id.* at 5-6. *See also* 9 Collier on Bankruptcy ¶ 5010.02[4] (advising that "party in interest" includes "the United States trustee, the trustee, and creditors," but that parties who are not creditors of the debtor "are not usually parties in interest.").

This rigid construction of the term "party in interest," however, ignores the instructions of the Supreme Court that, when interpreting the scope of terms within the Bankruptcy Code, "the purposes of the Bankruptcy Act 'must ultimately govern.'" *Kokoszka v. Belford*, 417 U.S. 642, 645 (1974) (quoting *Segal v. Rochelle*, 382 U.S. 375, 379 (1966)). In *In re Comcoach Corp.*, the Second Circuit followed this instruction and concluded that the term "party in interest," as used in a separate provision of the Bankruptcy Code governing automatic stays during a bankruptcy proceeding, 11 U.S.C. § 362, referred only to creditors and debtors because, "(b)ankruptcy courts were established to provide a forum where creditors and debtors could settle their disputes." 698 F.2d 571, 573 (2d Cir. 1983). In the context of standing to bring a motion to reopen a closed bankruptcy case, however, other pertinent interests and purposes of the bankruptcy code may encourage a more expansive construction of the term "party in interest." Most relevant to this case, one purpose of the Bankruptcy Code is clearly, in addition to the final settlement of disputes between creditors and debtors, the protection of the interests of third parties in property of the bankruptcy estate. *See* 11 U.S.C. § 363(f) (outlining specific

requirements that must be satisfied before a trustee may sell property free and clear of any interest in such property of an entity other than the estate).

In interpreting the meaning of "party in interest" in other provisions of the Bankruptcy Code, 11 U.S.C. §§ 102 and 1109(b), courts have described the term more broadly, explaining that it is "generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings." *In re Hutchinson*, 5 F.3d 750, 756 (4th Cir. 1993) (quoting *In re Leavell*, 141 B.R. 393, 399 (Bankr. S.D. Ill. 1992)). *See also In re Transatlantic & Pac. Corp*., 216 F. Supp. 546, 552 (S.D.N.Y. 1963) ("it probably may be stated with accuracy that all persons whose pecuniary interests are directly affected by proceedings in bankruptcy are parties in interest."). Ultimately, courts instruct that the term "party in interest" is not exclusively limited to certain categories of parties, and "(b)ecause there is no precise definition of the phrase party-in-interest, courts are to make this determination on a case by case basis." *In re E.S. Bankest, L.C.,* 321 B.R. 590, 594-95 (Bankr. S.D. Fla. 2005) (citing *In re Amatex,* 755 F.2d 1034, 1042 (3d Cir.1985)). Taking this more flexible approach to defining the term, the Fourth Circuit in *In re Hutchinson* concluded that the holder of a lien on property of a bankruptcy estate, who was not a creditor of the estate, was a "party in interest" that had standing to force an adversarial hearing to object to the terms of its proposed sale. 5 F.3d 750, 756.

Similarly, in the context of a motion to reopen, the term "party in interest" should be read to include all persons with a direct pecuniary interest in the bankruptcy proceedings. That is especially true where, as here, the Trustee's alleged failure to adequately notify the prior holder of the mortgage on the property proposed to be sold, and not the movant's lack of any direct and contemporaneous interest in the proceedings, resulted in its failure to participate in the bankruptcy proceedings. AWET's Mem. of Law, Doc. No. 13, at 9-11. *C.f. In re Riley*, 2017 WL

4334033, at *12 (Bankr. N.D.N.Y. Sept. 28, 2017) (explaining that the movant's failure to participate in the bankruptcy proceedings supported a finding that it was not a "party in interest," but where the movant's interest arose only out of a transaction that occurred after the bankruptcy trustees received their discharge). The holder of a valid mortgage on property sold at bankruptcy may, according to this definition of "party in interest," have standing to bring a motion to reopen under Bankruptcy Rule 5010 if its interest was improperly extinguished by the sale. Therefore, before deciding whether it had standing to reopen the bankruptcy case, the Bankruptcy Court should have determined whether AWET did in fact own a valid mortgage on the subject property that was improperly extinguished by the Bankruptcy Court, and whether it (or its predecessor in interest) was not notified of the proposed sale of the subject property. If so, then AWET would satisfy the standing requirement of Bankruptcy Rule 5010, and the Bankruptcy Court should move on to consider whether sufficient cause existed to reopen the closed case under 11 U.S.C. § 350(b).

Section 350(b) states that a closed case may be reopened to "administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). "While the Code does not define 'other cause' for purposes of reopening a case under section 350(b), the decision to reopen is discretionary with the court, which may consider numerous factors, including equitable concerns." 3 Collier on Bankruptcy ¶ 350.03. Again, the Bankruptcy Court failed to consider several important factual issues pertinent to the question of whether cause existed to reopen the closed bankruptcy case. These questions cannot be resolved on appeal on the basis of the existing record. First, the Bankruptcy Court did not make clear at any point what, exactly, it sold to Peterson. On the contrary, the Sale Order it entered on March 25, 2021 reflected its uncertainty about the ownership of the assets it was authorizing the Trustee to sell. Sale Order, *Bankruptcy*

*Case*, Doc. No. 136 (granting the Trustee's motion to sell "the bankruptcy estate's right, title and interest, *if any* . . ." in A to Zee and Laurelhart Condominiums unit numbers B-2, E-3, D-6, and E-7 [hereinafter "the Laurelhart condominiums"]) (emphasis original). Section 363 of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, *property of the estate*. . . ." 11 U.S.C. § 363(b)(1) (emphasis added). The Bankruptcy Court had the authority to sell only the property of the Debtor, Hannah Woldeyohannes. But the Bankruptcy Court's Sale Order appears to authorize the sale of property that it admits may or may not be property of the Debtor.

Moreover, the Sale Order appears to conflate Debtor's interest in A to Zee with a direct interest in A to Zee's real property assets. Sale Order, *Bankruptcy Case*, Doc. No. 136, at 1 (selling "any and all equitable rights held by the Debtor, Hannah Woldeyohannes *and A to Zee, LLC*, in certain real property . . .") (emphasis added). The record is unclear regarding the ownership of A to Zee—the Bankruptcy Court clearly expressed at its March 24, 2021 hearing on the Motion for Sale that it would not decide the Debtor's ownership interest in A to Zee. Audio File, *Bankruptcy Case*, Doc. No. 134. Peterson asserts that A to Zee was the solely-owned alter ego of the Debtor. Creditor's Brief, Doc. No. 14, at 4. But prior to the sale, on March 17, 2021, Sofia Woldeyohannes asserted that the Debtor "ha[d] no equity interest in A to Zee, LLC." Objection, *Bankruptcy Case*, Doc. No. 128. However, even if the Debtor was a member, or the sole member, of the LLC at the time of the sale, a limited liability company, under Connecticut law, is "an entity distinct from its member or members," Conn. Gen. Stat. Ann. § 34-243g(a). Accordingly, it appears that the Debtor did not own the specific assets of A to Zee that were identified in the Sale Order.

If the Bankruptcy Court did indeed authorize the sale to Peterson of any property of A to Zee that was outside of the bankruptcy estate—in the process extinguishing a valid mortgage on that property—then "other cause" may exist to reopen the Bankruptcy Case and to correct this error. 11 U.S.C. § 350(b). The Bankruptcy Court failed to determine at any point whether its Sale Order approved the sale of assets not owned by the Debtor, outside the scope of its authority under 11 U.S.C. § 363(b)(1). Instead, the Bankruptcy Court simply concluded in its reopening order that the "Trustee's Notice of Intended Private Sale of Property and Solicitation of Counteroffers, the Sale Order, and the Trustee's recording of the Quit Claim Bill of Sale . . . are all consistent in conveying what was sold by the bankruptcy estate to Ms. Peterson." Reopening Order, *Bankruptcy Case*, Doc. No. 177, at 7. That conclusory statement is insufficient. Without first determining what, exactly, was authorized to be sold, the Bankruptcy Court could not properly have exercised its discretion to decide whether cause existed to reopen the bankruptcy case.

Finally, it is not clear from the record whether the prior holder of the mortgage on the Laurelhart Condominiums, The Law Offices of Patrick W. Boatman, LLC, at any point received notice of its sale. *See Bankruptcy Case*, Docs. No. 122-136. No representative of that entity participated in the hearing on the Trustee's Motion to Sell the property. Audio File, *Bankruptcy Case*, Doc. No. 134. The record further does not contain any findings of fact regarding the basis for the Trustee's authority to sell the Laurelhart Condominiums free and clear of the alleged mortgage. 11 U.S.C. § 363(f) (outlining specific conditions that must be met for the trustee to sell property "free and clear of any interest in such property of an entity other than the estate"). That is yet another factual question that must be resolved in order to determine whether the Bankruptcy Court should have granted AWET's motion to reopen the case.

Numerous factual questions clearly remain that are pertinent to both the questions of whether AWET has standing to bring a motion to reopen the bankruptcy appeal and, if so, whether cause exists to grant AWET relief. Sitting as an appellate court reviewing the Bankruptcy Court's decision to deny AWET's motion to reopen, I am not permitted to consider evidence presented for the first time on appeal, hold evidentiary hearings, or find new facts. *See, e.g., In re Foust,* 52 F.3d 766, 768 (8th Cir. 1995) (holding that the district court committed error by supplementing the bankruptcy court's record with additional testimony); *In re Branding Iron Motel, Inc*., 798 F.2d 396, 399 (10th Cir. 1986) ("Just as the court of appeals may not conduct an evidentiary hearing for a bankruptcy appeal, so too a district court may not conduct such hearing when it is acting in its capacity as an appellate court."). This Court's jurisdiction is limited to "reviewing the issues decided by the bankruptcy court based upon the record before the Bankruptcy Court." *In re Traylor*, 2020 WL 3481654, *2 (D. Conn. June 26, 2020). The Bankruptcy Court failed to finally resolve the questions of what, if anything, it allowed to be sold to Peterson, and whether any property sold was conveyed free and clear of the mortgage allegedly owned by AWET. This court cannot resolve either of those issues on the record before it, and therefore cannot determine whether the Bankruptcy Court abused its discretion in denying AWET's motion to reopen the bankruptcy case. Thus, the case is remanded to the Bankruptcy Court for determination of the ownership interest of the bankruptcy estate in the subject property at the time of its sale, as well as whether any mistake in the proceedings or Sale Order resulted in the improper sale of the subject property free and clear of a mortgage owned by AWET.

Because I conclude that there is insufficient information in the record to determine whether AWET had standing and whether cause existed to reopen the closed case, I do not reach the question of whether the Bankruptcy Court erred by concluding that AWET would not have

succeeded on its Rule 60(a) motion. Should the Bankruptcy Court on remand determine that property not belonging to the bankruptcy estate and on which AWET holds a valid mortgage was sold in violation of 11 U.S.C. § 363(b)(1), and/or property belonging to the estate was improperly sold free and clear of AWET's mortgage in violation of 11 U.S.C. § 363(f), the Bankruptcy Court should find that AWET has standing to move to reopen the bankruptcy case and should determine on the merits whether AWET is entitled to the relief it seeks under Federal Rule of Civil Procedure 60(a).

**V.      Conclusion**

For the foregoing reasons, the Reopening Order of the Bankruptcy Court is **vacated.**

This case is remanded to the bankruptcy court for further proceedings consistent with this order. The Clerk is directed to enter judgment and close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of December 2023.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge